FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 12, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAWN S PARKER,<br><br>Defendant. | No. 1:23-PO-08011-ACE-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO AUTHORIZE FORFEITURE AND TERMINATE CASE<br><br>**ECF Nos. 30, 31** |

Before the Court is Defendant's Motion to Dismiss (ECF No. 30) and related Motion to Authorize Forfeiture and Terminate Case (ECF No. 31), as well as the United States' Response (ECF No. 33).  Defendant was represented on these Motions by retained counsel Kraig Gardner.  The United States was represented on its Response by Jacquelyn Nader, Legal Intern, and Todd Swensen, supervising Assistant United States Attorney.

As a preliminary matter with respect to Defendant's Motion to Dismiss, only the Court or the Government—with leave of the Court—may dismiss a charging instrument.  Fed. R. Crim. P. 48.  Furthermore, the Court's statutory authority to dismiss a charging instrument is limited to cases where there is "unnecessary

ORDER - 1

delay." Fed R. Crim. P. 48(b).  It is true that defendants in this District regularly file motions to dismiss criminal charges, but such motions are treated as requests for equitable remedies.  *See e.g. United States v. Gouve*, No. 2:14-PO-0157-JTR-1, 2015 WL 417928 (E.D. Wash. Jan. 30, 2015).

In the present case, the Court would not be granting an equitable remedy: a dismissal of Violation No. FAUA003P would be based on the Government's agreement with Defendant, as opposed to a finding on the merits of Defendant's Motion.[1]  Because Rule 48(a) provides the Government with a procedure to dismiss Violation No. FAUA003P, the Court finds it inappropriate to grant Defendant's Motion.  *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("If rigorous rules like the one applied today are thought to be inequitable, Congress may authorize courts to promulgate rules that excuse compliance" with the Federal Rules of Criminal Procedure).

The agreement between Defendant and the Government noted above further requires the Government to accept a payment of collateral as to Violation Nos. FAUA003Q and FAUA003R, in exchange for the dismissal of Violation No. FAUA003P, which the Court finds appropriate.  *See* ECF No. 33.

---

[1] While Defendant's Motion seeks, in the alternative of dismissal, an order for the Government to provide a bill of particulars, the Court declines to do so in light of the aforementioned agreement and the Government's avenue for seeking dismissal.

ORDER - 2

Accordingly, **IT IS ORDERED**:

1. Defendant's Motion to Dismiss (**ECF No. 30**) is **DENIED**. The Government is directed to file a Motion to Dismiss under Rule 48(a) that reflects the position stated in its Response (ECF No. 33).

2. Defendant's Motion to Authorize Forfeiture and Terminate Case (**ECF No. 31**) is **GRANTED IN PART AND DENIED IN PART**. Upon (1) the Government's filing of a motion to dismiss as to Violation No. FAUA003P and (2) Defendant's remittance of collateral as to Violation Nos. FAUA003Q and FAUA003R, the Court shall issue an order directing the District Court Executive to close the file.

3. All future hearings and deadlines are **STRICKEN.**

**IT IS SO ORDERED**.

DATED July 12, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 3